UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD KALLA, et al.,

    Plaintiffs,

                                  CASE NO. 15-CV-12303
v.                             HONORABLE GEORGE CARAM STEEH

METRO REALTY PARTNERS, et al.,

    Defendants.
_____/

## OPINION AND ORDER DISMISSING CASE

On June 6, 2015, plaintiffs Richard Kalla and First Monetary Group, Inc., initiated the above-captioned matter in this court.  Plaintiffs' complaint alleged subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332, but did not adequately allege the citizenship of either the plaintiffs, or the defendants Metro Realty Partners, LLC, and Hampton Inn and Suites.  The Court issued an order to show cause on July 14, 2015, to which the plaintiff responded to on July 17, 2015. The plaintiffs' response to the order to show cause does establish the Michigan citizenship of the plaintiffs, however, it still does not adequately allege the citizenship of the defendants.

For diversity purposes, a corporation is deemed to be "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c).  Likewise, the citizenship of any unincorporated entity – which includes a limited liability company (LLC) – is determined by the citizenship of its members.  <u>Delay v. Rosenthal Collins Grp., LLC</u>, 585 F.3d 1003, 1005 (6th Cir. 2009).

In their Complaint, plaintiffs did not identify the principal place of business of plaintiff First Monetary Group, Inc., nor did plaintiffs identify the citizenship of the members of defendant Metro Realty Partners, LLC.  Plaintiffs also did not indicate the organizational form, citizenship, state of incorporation, or principal place of business of defendant Hampton Inn and Suites Hotel.  Rather, plaintiffs simply identified both defendants as members of another LLC operating incorporated businesses in Alabama.  (Doc. 1, ¶ 5).  The court therefore issued its July 14, 2015 order to show cause why this case should not be dismissed for lack of diversity jurisdiction.

On July 17, 2015, plaintiffs filed their response to the court's show cause order.  The order properly identified the citizenship of the plaintiffs.  In Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010), the Supreme Court held that the phrase "principal place of business" as used in § 1332(c)(1) refers to a corporations "nerve center."  Specifically, the Court explained:

> We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'  And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

The plaintiffs' response properly shows that Richard Kalla and First Monetary Group, Inc. are Michigan residents for diversity purposes.  Richard Kalla is a Michigan

resident, and First Monetary Group, Inc. is identified as a Michigan corporation. Therefore, plaintiffs have properly shown their citizenship for diversity purposes.

Plaintiffs, however, have failed to establish the citizenship of the defendants. With regard to limited liability companies, the Supreme Court has held that the citizenship of unincorporated organizations is to be determined by the citizenship of all of the entity's members. Carden v. Arkoma Ass'ns, 494 U.S. 185, 187-93 (1990). The Sixth Circuit adopted this formula with respect to limited liability companies in Delay.

Plaintiffs' response fails to identify citizenship, principal place of business, or state of incorporation relating to either defendant. Simply stating that Metro Realty Partners LLC and Hampton Inn and Suites Hotel are foreign entities is insufficient to establish diversity. Likewise, plaintiffs fail to establish citizenship of the Metro Realty Partners LLC's members, only stating that Metro Realty Partners, LLC has registered offices in Athens, Alabama. Further, plaintiffs fail to properly establish Hampton Inn and Suites Hotel's citizenship. Plaintiffs only indicate that Metro Realty Partners LLC and Hampton Inn and Suites Hotel are managing members of Hospitality Group LLC which is the sole shareholder of medical related incorporated businesses operating a business in Huntsville, Alabama. Plaintiffs again fail to indicate organizational form, citizenship, state of incorporation, or principal place of business of defendant Hampton Inn and Suites Hotel. Since it remains unclear who the members of Metro Realty Partners LLC are or their citizenship, or where it operates, it remains possible that the location of such places would destroy diversity jurisdiction.

Plaintiffs have failed to show cause why this case should not be dismissed for lack of diversity jurisdiction, accordingly IT IS ORDERED that this case is DISMISSED WITHOUT PREJUDICE for lack of diversity jurisdiction.

**IT IS SO ORDERED**.

Dated:  July 29, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 29, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk